IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHANIE BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | 14 C 9160 |
| | ) | |
| v. | ) | Judge John Z. Lee |
| | ) | |
| ILLINOIS BELL TELEPHONE COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Stephanie Brown ("Brown") has sued Defendant Illinois Bell Telephone Company ("Illinois Bell") pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, for discriminating against her on the basis of her race. Brown, an employee of Illinois Bell, claims that she was not offered a specific position because she is African American. Illinois Bell has moved for summary judgment. For the reasons stated herein, Illinois Bell's motion [55] is granted.

### Northern District of Illinois Local Rule 56.1

Motions for summary judgment in the Northern District of Illinois are governed by Local Rule 56.1. "The obligation set forth in Local Rule 56.1 'is not a mere formality.' Rather, '[i]t follows from the obligation imposed by Fed. R. Civ. P. 56(e) on the party opposing summary judgment to identify specific facts that establish a genuine issue for trial.'" *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011) (alteration in original) (quoting *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 924 (7th Cir. 1994)). The Seventh Circuit has "routinely held that a district

court may strictly enforce compliance with its local rules regarding summary judgment motions." *Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 537 (7th Cir. 2011) (internal quotation marks omitted).

Local Rule 56.1(a)(3) requires the party moving for summary judgment to provide "a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law." LR 56.1(a)(3). In addition, where the nonmovant is *pro se*, Local Rule 56.2 requires the movant to provide a "Notice to *Pro Se* Litigant Opposing Motion for Summary Judgment." LR 56.2. The nonmovant, whether *pro se* or not, must then file "a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." LR 56.1(b)(3)(B). In addition, the nonmovant must present a separate "statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment." LR 56.1(b)(3)(C).

"When a responding party's statement fails to dispute the facts set forth in the moving party's statement in the manner dictated by [Local Rule 56.1], those facts are deemed admitted for purposes of the [summary judgment] motion." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 632 (7th Cir. 2009); *accord* LR 56.1(b)(3)(C). Furthermore, district courts, in their discretion, may "choose[ ] to ignore and not consider the additional facts that a litigant has proposed" if the litigant has failed to comply with Local Rule 56.1. *Cichon v. Exelon Generation Co., LLC*, 401 F.3d 803,

809–10 (7th Cir. 2005). Although *pro se* plaintiffs are generally entitled to lenient standards, they are required to comply with local procedural rules governing motions for summary judgment. *See, e.g., Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006).

Upon moving for summary judgment, Illinois Bell filed and served a "Notice to *Pro Se* Litigant Opposing Motion for Summary Judgment" as required by Local Rule 56.2. *See* Def.'s Notice to *Pro Se* Litigant Opp. Mot. Summ. J., ECF No. 59. The notice detailed the requirements of the local rules governing summary judgment, and it warned Brown that her failure to controvert the facts set forth in Illinois Bell's Local Rule 56.1(a)(3) Statement would cause those facts to be deemed admitted. *See id*. Despite these admonitions, Brown failed to properly respond to Illinois Bell's Local Rule 56.1(a)(3) Statement or submit her own statement of additional facts. Instead, she filed a response brief with her own version of certain events but without any citations to the record or supporting documentation. *See* Pl.'s Resp. Def.'s Notice to *Pro Se* Litigate [*sic*] Opp. Mot. Summ. J., ECF No. 60. Because Brown's filing is not compliant with Local Rule 56.1, the Court is entitled to disregard the facts and objections set forth therein.[1] *Cichon*, 401 F.3d at 809–10. That said, because Brown is proceeding *pro se*, the Court has independently reviewed the facts that Brown asserts in her response to confirm whether they are supported by the record. The facts set forth in Illinois Bell's Local Rule 56.1(a)(3) Statement are deemed admitted

---

[1] Even if the Court considered Brown's filing and the facts alleged therein, however, they are still insufficient to raise genuine issues of fact because there are no citations to the record and they do not controvert Illinois Bell's Local Rule 56.1(a)(3) Statement.

3

to the extent they are supported by evidence in the record. *See Cracco*, 559 F.3d at 632.

## Factual Background

The following facts are undisputed or have been deemed admitted. Brown began working for Illinois Bell on April 10, 1995. *See* Def.'s LR 56.1(a)(3) Stmt. ¶ 20, ECF No. 57. She was also a member of a union, which negotiated a collective bargaining agreement (CBA) that governed Illinois Bell's hiring and firing procedures. *Id.* ¶¶ 21, 27. By 2012, she was a Customer Account Specialist at a facility in Chicago Heights, Illinois. *Id.* ¶ 25. In November of that year, Illinois Bell announced it would be closing that facility. *Id.* ¶ 26. Following this announcement, Illinois Bell followed the procedures laid out in the CBA for relocating the employees at Chicago Heights. *See id.* ¶¶ 36–37.

Pursuant to the CBA, Illinois Bell first offered Brown a lump sum payment to leave the business. *Id.* ¶ 37. Brown, however, declined the payment and instead submitted a form indicating her desire to stay with the company and transfer to a different facility on Grace Street in Chicago. *Id.* ¶¶ 38–39. Because Brown was the second-longest-serving employee in the Finance category requesting transfer, she was matched with the Finance category position occupied by the second-longest-serving employee who had taken the lump sum payment. *Id.* ¶¶ 40–41. This position was for a Sales Consultant role. *Id.* ¶ 40. On January 28, 2013, Illinois Bell offered Brown this position, and she accepted the next day. *Id.* ¶ 42.

4

Brown was dissatisfied, though, because she wanted a Service Representative job. *Id.* ¶ 62. Service Representatives and Sales Consultants were both in the Finance category and had identical duties, with the only difference being that the two positions had different compensation plans. *Id.* ¶ 47; *see also id.* ¶¶ 39–40. Service Representatives had a more stable pay structure, in that their compensation was not contingent on their job performance. *See id.* ¶ 47. By contrast, although Sales Consultants were paid a lower weekly base rate than Service Representatives, they were additionally compensated through a "target incentive plan" that provided them an opportunity to earn more than Service Representatives. *Id.*

Brown wanted the Service Representative position because she preferred its more stable pay structure. *See id.* ¶¶ 47, 62. Illinois Bell, however, followed the transfer policy detailed in the CBA and thus matched the Finance category employees from the Chicago Heights facility with open Finance category positions in the Grace Street facility by order of seniority. *See id.* ¶¶ 39–40. Because the second-most-senior outgoing employee was a Sales Consultant, Brown was offered that position. *Id.* ¶ 40. The most senior and third-most senior outgoing employees, though, were Service Representatives. *Id.* As a result, the Service Representative position was offered to the people directly above and below Brown in the seniority hierarchy. *Id.* The most senior transferring employee was a white woman. *See id.* ¶ 57. The third-most senior transferring employee was an African American woman. *See id.* ¶ 58.

5

On March 5, 2013, Brown filed a complaint of race discrimination against Illinois Bell with the Equal Employment Opportunity Commission (EEOC). *Id.* ¶ 1. Illinois Bell then placed Brown in a Service Representative position on May 9, 2013. *Id.* ¶ 64. Several months later, on November 25, 2013, Brown received a right-to-sue notice from the EEOC. *Id.* ¶ 3. This notice informed Brown that she had ninety days from receipt of the notice to file a lawsuit. *Id.* The EEOC also explained this ninety-day deadline to her during its investigation of her complaint. *Id.* ¶ 2.

Brown did not file her lawsuit until November 14, 2014. *Id.* ¶ 4. During this time, she did not communicate with the EEOC, and no one from either the EEOC or Illinois Bell told her the deadline could be extended beyond the ninety days specified in the right-to-sue notice. *Id.* ¶ 5. On the same day she filed her lawsuit, Brown also filed an application with the court to proceed *in forma pauperis* ("IFP application"). *Id.* ¶ 8. In her IFP application, Brown claimed under penalty of perjury that she was not married and had received no more than $200 in either salary or wages in the preceding twelve months. *Id.*; *see also* IFP Application at 2, ECF No. 4. This Court then granted the application. Def.'s LR 56.1(a)(3) Stmt. ¶ 9; *see also* Order of 1/8/15, ECF No. 5. During her deposition, however, Brown admitted that she was legally married when she filed her IFP application and that she had been paid at least $59,000 in the year prior to filing. Def.'s LR 56.1(a)(3) Stmt. ¶ 10.

6

**Legal Standard**

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court gives "the non-moving party the benefit of conflicts in the evidence and reasonable inferences that could be drawn from it." *Grochocinski v. Mayer Brown Rose & Maw, LLP*, 719 F.3d 785, 794 (7th Cir. 2013). In order to survive summary judgment, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmovant "must establish some genuine issue for trial such that a reasonable jury could return a verdict in her favor." *Gordon v. FedEx Freight, Inc.*, 674 F.3d 769, 772–73 (7th Cir. 2012).

**Analysis**

In support of its motion for summary judgment, Illinois Bell contends that the suit should be dismissed because Brown lied on her IFP application, and such a lie mandates dismissal of the suit. In addition, Illinois Bell argues that Brown's lawsuit is time-barred because it was filed more than ninety days after her receipt of her right-to-sue notice from the EEOC. For the following reasons, Illinois Bell's motion for summary judgment is granted.[2]

---

[2] In the alternative, Illinois Bell argues that Brown should be judicially estopped from pursuing her claim because she lied about its existence in separate bankruptcy proceedings. It also argues that the claim is meritless and does not identify an adverse employment action. The Court does not need to reach these arguments, however, because Illinois Bell's first two arguments are sufficient to resolve this motion.

**I.      IFP Application**

Where a false allegation of poverty is made on an IFP application, the court "shall dismiss" the case. 28 U.S.C. § 1915(e)(2)(A); *see also Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002). The court has discretion as to whether the dismissal should be with or without prejudice. *Thomas*, 288 F.3d at 306, 308; *e.g.*, *Jeffery v. Kraft Foods Glob., Inc.*, No. 05 C 6458, 2007 WL 611277, at *3 (N.D. Ill. Feb. 22, 2007). The dismissal can be with prejudice when the plaintiff lied intentionally or when the plaintiff omitted highly significant information, such as substantial income. *See, e.g.*, *Holly v. Wexford Health Servs., Inc.*, 339 F. App'x 633, 636 (7th Cir. 2009); *Novotny v. Plexus Corp.*, No. 13-CV-05881, 2015 WL 3584570, at *4 (N.D. Ill. June 7, 2015) (holding that a plaintiff's omission of more than $35,000 in gross income from his IFP application was of such magnitude that there was "no doubt . . . the false statements . . . would be sufficient to support dismissal of this case with prejudice").

On her IFP application, Brown stated that she was not married and that she had not received more than $200 in salary or wages in the past twelve months. *See* Def.'s LR 56.1(a)(3) Stmt. ¶ 8. During her deposition, though, Brown admitted that both of those statements were false. *Id.* ¶ 10. First, she was still legally married at the time she submitted her application. *Id.* Second, she had earned approximately $59,000 in wages from Illinois Bell in the previous twelve months, and her 2013 and 2014 earnings were confirmed by tax returns produced during discovery. *See* Def.'s LR 56.1(a)(3) Stmt. ¶ 10. In her response, Brown contends that "[t]he fact of poverty is real" because she and her husband were separated, she was "settling

8

shared debt" with her husband, and her house was being foreclosed. Pl.'s Resp. at 3. Such circumstances do not excuse untruthfulness, however, and Brown has also provided no supporting documentation for these assertions. *See Jeffery*, 2007 WL 611277, at *3–4.

The extent of Brown's misrepresentations warrants dismissal of her claims with prejudice. Brown did not disclose nearly $60,000 in income, and in general, a plaintiff's omission of this much income from her IFP application is a basis for dismissal with prejudice. *E.g., id.* (dismissing a *pro se* plaintiff's suit with prejudice when her IFP application was untruthful as to her marital status and income); *Osoria v. Am. Tel. & Tel. Co.*, No. 11-cv-4296, 2013 WL 4501450, at *2–3 (N.D. Ill. Aug. 21, 2013) (dismissing a claim with prejudice when the plaintiff failed to disclose approximately $40,000 in total income).[3] Accordingly, given the extent of Brown's misrepresentations, the Court dismisses this suit with prejudice.

## II. Timeliness

Even if the Court did not dismiss this suit based upon the misrepresentations in Brown's IFP application, the Court would nevertheless grant summary judgment in Illinois Bell's favor because Brown's claims are time-barred. Title VII allows a complainant to file a civil lawsuit after the EEOC has had the opportunity to

---

[3] Some courts have declined to dismiss suits where an IFP application contained misrepresentations but the overall allegation of poverty was true. *E.g., Brantley v. Children's Mem'l Hosp.*, No. 10 C 0900, 2010 WL 5174388, at *2–3 (N.D. Ill. Dec. 14, 2010); *Davis v. Geren*, No. 1:06-cv-1649-WTL-TAB, 2009 WL 362877, at *1 (S.D. Ind. Feb. 11, 2009). But, unlike the claims of the plaintiffs in those cases, Brown's claims of poverty are unsupported by any citations to the record or documentation, and she has not submitted any updated information despite the suit being filed three years ago. Because Brown has not offered such support, and given the magnitude of her misrepresentations, those cases are readily distinguishable.

investigate the complaint and issued a right-to-sue notice. 42 U.S.C. § 2000e-5(f)(1). Any such lawsuit must be brought within ninety days of the issuance of that notice. *Id.*; *see also Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 849–50 (7th Cir. 2001). Here, Brown received her right-to-sue notice from the EEOC on November 25, 2013. She did not file her lawsuit in federal court until November 14, 2014, a gap of almost a year—and significantly longer than ninety days. *See MacGregor v. DePaul Univ.*, No. 1:10-CV-00107, 2010 WL 4167965, at *3 (N.D. Ill. Oct. 13, 2010) (holding that a *pro se* plaintiff's claims were time-barred when she filed her lawsuit ninety-one days after receiving her right-to-sue notices). Brown's claim is therefore time-barred unless equitable tolling applies.[4] *See Threadgill*, 269 F.3d at 850; *MacGregor*, 2010 WL 4167965, at *3.

Equitable tolling is a doctrine that allows courts to accept filings after the statute of limitations has passed if the plaintiff "has pursued her rights diligently and points to an extraordinary circumstance that prevented timely filing." *Smith v. EMB, Inc.*, 576 F. App'x 618, 619 (7th Cir. 2014) (citing *Lee v. Cook Cty.*, 635 F.3d 969, 972 (7th Cir. 2011); *Threadgill*, 269 F.3d at 850–51). The "diligent pursuit" requirement is limited to good-faith mistakes, such as timely filing suit in the wrong court. *See Porter v. New Age Servs. Corp.*, 463 F. App'x 582, 584 (7th Cir. 2012) (citing

---

[4] A Title VII plaintiff who does not timely file her complaint can also be saved by either waiver or equitable estoppel. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). Waiver does not apply here because nothing indicates that Illinois Bell has waived a filing deadline. Equitable estoppel is "available if the defendant takes active steps to prevent the plaintiff from suing in time." *Jackson v. Rockford Hous. Auth.*, 213 F.3d 389, 394 (7th Cir. 2000) (internal quotation marks omitted). Because Brown alleges no such misconduct by Illinois Bell, equitable estoppel also does not apply.

10

*Threadgill*, 269 F.3d at 850). The "extraordinary circumstances" requirement is also narrow, and mere negligence or mistake is insufficient. *See id.*; *e.g.*, *De Gannes v. United Airlines*, No. 16 C 1851, 2016 WL 3125007, at *3 (N.D. Ill. June 3, 2016) (holding that an attorney incorrectly calendaring the deadline to file suit was not sufficiently "extraordinary" to justify equitable tolling); *Seferroche v. Bd. of Educ. of City of Chi.*, No. 10 C 5338, 2012 WL 2006852, at *3–4 (N.D. Ill. June 5, 2012) (holding that a plaintiff delaying filing suit to allow the defendant time to reconsider the firing decision did not qualify as "extraordinary circumstances"). By contrast, where the defendant, the court, or the EEOC misleads the plaintiff such that the plaintiff misunderstands or is unaware of the filing deadline, extraordinary circumstances may be present. *See, e.g.*, *Smith*, 576 F. App'x at 619 (citing *Prince v. Stewart*, 580 F.3d 571, 574–75 (7th Cir. 2009)); *Malozienc v. Pac. Rail Servs.*, 606 F. Supp. 2d 837, 879–80 (N.D. Ill. 2009) (holding that a *pro se* plaintiff who "diligently followed the instructions of a government agency . . . and reasonably relied on the EEOC's letter of rescission" could have "made a good faith error based on the inconsistent information the EEOC . . . provided to him").

Illinois Bell argues that equitable tolling should not apply because Brown had no justifiable excuse for filing her complaint late. In fact, Brown admitted in her deposition that she knew she would have ninety days to file suit once she received her right-to-sue notice from the EEOC, and she believed that filing late was acceptable simply because the case had been allowed to proceed to that point. Def.'s LR 56.1(a)(3) Stmt. ¶ 6 (citing Pl.'s Dep. at 255:22–257:19, ECF No. 57-2).

11

She appears to argue in response that an EEOC employee named John indicated he would help her file her lawsuit but then refused to do so. Pl.'s Resp. at 2. This assertion, however, is not supported in the record, and there is no other indication that Brown relied on any misleading information provided by Illinois Bell, the Court, or the EEOC. By contrast, Brown indicated in her deposition that she delayed in filing because she was simply "trying to give [Illinois Bell] an opportunity to treat [her] fairly." Def.'s LR 56.1(a)(3) Stmt. ¶ 7 (citing Pl.'s Dep. at 267:4–8). This, however, is not an excuse sufficient to trigger equitable tolling. *See Seferroche*, 2012 WL 2006852, at *4–5 (citing *Jackson*, 213 F.3d at 396–97). Because Brown has been unable to establish facts sufficient to justify tolling the ninety-day deadline and she filed her complaint more than ninety days after receiving her right-to-sue notice, her claim is time-barred. For these reasons, even if Brown had not made misrepresentations on her IFP application, Illinois Bell would still be entitled to summary judgment in its favor.

## Conclusion

For the reasons stated herein, Illinois Bell's motion for summary judgment [55] is granted. Judgment will be entered in favor of Illinois Bell, and this case is hereby terminated.

**IT IS SO ORDERED.**              ENTERED   7/27/17

*John Z. Lee*

_____

**John Z. Lee**
**United States District Judge**